**AKERMAN LLP**
Michael L. Gallion (State Bar No. 189128)
michael.gallion@akerman.com
David Van Pelt (State Bar No. 163690)
david.vanpelt@akerman.com
Kanika D. Corley (State Bar No. 223607)
kanika.corley@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Plaintiffs
GA TELESIS, LLC and CONSTANT AVIATION, LLC

COLLEEN BAL, State Bar No. 167637
CHARLES TAIT GRAVES, State Bar No. 197923
JOSHUA A. BASKIN, State Bar No. 294971
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:   (415) 947-2000
Facsimile:     (415) 947-2099
Email:  tgraves@wsgr.com;
jbaskin@wsgr.com

Attorneys for Defendant
SALESFORCE.COM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| GA TELESIS, LLC, a Delaware limited liability corporation, and CONSTANT AVIATION, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SALESFORCE.COM, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:21-CV-02701-AGT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          October 22, 2021<br>Time:         10:00 a.m.<br>Courtroom:  A, 15th Floor<br><br>The Honorable Alex G. Tse<br><br>Complaint Filed: April 15, 2021 |

Pursuant to Federal Rule of Civil Procedure 26(f), Northern District Local Rule 16-9, and this Court's Order Setting Initial Case Management Conference [ECF No. 35], the parties to this action, Plaintiffs GA TELESIS, LLC ("GA Telesis") and CONSTANT AVIATION, LLC ("Constant Aviation") and Defendant SALESFORCE.COM, INC. ("Salesforce"), hereby submit this updated

Joint Report, as follows:

1.      <u>Jurisdiction and Service</u>:  As to GA Telesis's and Constant Aviation's claims for relief alleged in the operative first amended complaint (**FAC**), this Court has subject matter jurisdiction over the federal trade secret claim pursuant to 18 U.S.C. § 1836 et seq. and 28 U.S.C. §§ 1331. This Court has jurisdiction over the unfair competition claim brought under the Lanham Act pursuant to 28 U.S.C.A. § 1338(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  As to venue, Defendant resides in the Judicial District where this Court sits. In addition, a substantial part of the events or omissions giving rise to GA Telesis's and Constant Aviation's claims occurred in the Judicial District where this Court sits. Moreover, the operative agreements between the parties expressly require that any litigation that ensues occur within San Francisco, California. Venue therefore lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).  GA Telesis and Constant Aviation have not yet identified new Defendants to be named or served in this action. GA Telesis and Constant Aviation, however, reserve the right to seek leave of Court to name and serve new Defendants upon the discovery of information that would make it necessary.

2.      <u>Facts</u>:

**GA Telesis's and Constant Aviation's Position**: In addition to the following, GA Telesis and Constant Aviation incorporate all facts set forth in the operative Complaint.  Plaintiffs are in the aviation industry.  GA Telesis entered into a Non-Disclosure Agreement with Defendant, and GA Telesis and Constant Aviation each separately entered into Defendant's Master Subscription Agreement. GA Telesis entered into the Non-Disclosure Agreement on or about August 2017, and the Master Subscription Agreement on or about October 2017.  Constant Aviation entered into the Master Subscription Agreement on or about March 2017.  Under both the Non-Disclosure Agreement and the Master Subscription Agreement (collectively, the "Agreements"), Defendant agrees to protect its clients' confidential, proprietary, and trade secret information, and further agrees not to provide its clients' confidential and proprietary information to any third-party, unless compelled by law or unless authorized by its clients to do so.  GA Telesis and Constant Aviation allege that notwithstanding the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

express terms of the Agreements, Defendant has engaged in the fraudulent, unfair and deceptive business practice of taking its clients' confidential and proprietary information, manipulating that information, creating inaccurate "Use Cases" and then giving to third-parties and other potential purchasers the manufactured content on which they rely to make purchasing decisions. Defendant gives the manufactured content to third parties and other potential purchasers as a means of demonstrating for them the purported "successful" implementation of Defendant's products and services as applied to the businesses of others in similar industries. Based on the foregoing, on April 15, 2021, GA Telesis and Constant Aviation filed suit against Defendant alleging liability for violations under the DTSA and UTSA; violations of the Lanham Act; and breach of contracts.

**Salesforce's Position**: Plaintiffs GA Telesis and Constant Aviation are in the aviation industry. Both are Salesforce customers. GA Telesis became a Salesforce customer in 2017; Constant Aviation has been one since 2008. Both parties entered into Master Subscription Agreements (MSA) with Salesforce.

Plaintiffs accuse Salesforce of improperly disclosing their confidential information and trade secrets through the transmission of two one-page "Use Cases," one about GA Telesis and the other about Constant Aviation. Neither Plaintiff alleges any facts of injury or harm resulting from transmission of their use cases, including lost sales or harm to reputation.

Plaintiffs now assert that the Use Cases included their confidential information. They assert that by sending the Use Cases, Salesforce breached its confidentiality obligations in the MSA agreements with plaintiffs. GA Telesis additionally asserts that disclosure of its Use Case constitutes trade secret misappropriation and breach of the parties' earlier NDA agreement. For its part, Constant Aviation also asserts that transmission of its Use Case constitutes false endorsement under the Lanham Act.

Factual Issues to be Resolved:

1. Whether GA Telesis delivered its alleged trade secret to Salesforce, and whether it delivered any information to Salesforce that constitutes GA Telesis confidential information.

2. Whether Constant Aviation delivered any information to Salesforce that constitutes Constant Aviation's confidential information.

3. Whether any information contained in the GA Telesis and Constant Aviation Use Cases is a trade secret or confidential information of the Plaintiffs.

4. Whether Plaintiffs placed their alleged trade secrets or alleged confidential information into the public domain.

5. Whether anything in the Constant Aviation Use Case is false.

6. Whether Constant Aviation has lost sales or suffered harm to its reputation. Whether the Constant Aviation Use Case suggests endorsement by Constant Aviation.

7. Whether Plaintiffs have been injured or harmed by transmission of the Use Cases.

3. <u>Legal Issues:</u>

- Whether Plaintiffs own identifiable trade secrets as defined under the UTSA or DTSA or confidential information as defined under the parties' agreements.
- Whether Salesforce misappropriated GA Telesis's alleged trade secrets or misused Plaintiffs' alleged items of confidential information under the parties' agreements.
- Whether Salesforce's dissemination of the Constant Aviation Use case constitutes false endorsement under the Lanham Act.

4. <u>Motions:</u>  Salesforce filed a Rule 12(b)(6) Motion to Dismiss to the initial complaint. The Court dismissed with leave to amend GA Telesis's claims for trade secret misappropriation and breach of contract and Constant Aviation's claim for false advertising. GA Telesis and Constant Aviation amended their complaint to restate GA Telesis's claims for trade secret misappropriation and breach of contract—Constant Aviation dropped its false advertising claim. Salesforce has filed a motion to dismiss GA Telesis's claim for trade secret misappropriation, which has not yet been ruled upon.

5. <u>Amendment of Pleadings:</u> GA Telesis intends to seek leave to amend the operative FAC to add a cause of action for violation of the Lanham Act. Constant Aviation does not anticipate amending the operative FAC unless the Court orders otherwise, and/or unless new information makes amendment necessary. GA Telesis and Constant Aviation propose the deadline to amend pleadings

1  to be ninety days following the case becoming at issue.  Salesforce proposes the deadline to amend
2  the pleadings to be December 1, 2021.

3  6.   Evidence Preservation:  The parties certify that they have reviewed the Guidelines Relating to
4  the Discovery of Electronically Stored Information. The parties confirm that they have met and
5  conferred pursuant to Fed.R.Civ.P. 26(f) regarding reasonable and proportionate steps taken to
6  preserve evidence relevant to the issues in this action.  The parties have entered and the Court has
7  signed a Stipulated Protective Order.

8  7.   Disclosures:  The parties exchanged initial disclosures on July 9, 2021.

9  8.   Discovery:

10  **GA Telesis's and Constant Aviation's Position**: The parties have responded to one another's first sets of document requests.  GA Telesis and Constant Aviation have also responded to Salesforce's first sets of interrogatories.  Following good faith conferrals, the parties submitted a Joint Statement outlining outstanding disputes concerning the scope of discovery.  ECF No. 44.  A discovery hearing is set for October 22, 2021.  ECF No. 53.

**Salesforce's Position**:  The parties have responded to one another's document requests. Plaintiffs have not served interrogatories, but have responded to Salesforce's interrogatories.  Meet and confer efforts ensued.

The parties have submitted a Joint Statement regarding outstanding disputes on the scope of discovery.  ECF No. 44.  The parties continue to meet and confer on other discovery issues, including Plaintiffs' identification of their alleged trade secrets, alleged items of confidential information, and the ways in which they have been harmed by Salesforce's alleged wrongdoing.  If those meet and confer efforts are not successful, Salesforce anticipates it may need to file a motion under Rule 16 and/or California Code of Civil Procedure section 2019.210 to require Plaintiff to identify their trade secrets and other items of confidential information with "reasonable particularity" before Plaintiffs commence discovery on such causes of action.

9.   Class Actions:  At present, this action does not classify as a class action.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5                                          CASE NO. 3:21-CV-02701-AGT
JOINT CASE MANAGEMENT STATEMENT
60427317;2

**GA Telesis's and Constant Aviation's Position**: GA Telesis and Constant Aviation reserve the right to amend the operative FAC upon learning of facts meeting the prerequisites of Fed.R.Civ.P. 23(a).

**Salesforce's Position**: Salesforce will object to any discovery outside the bounds of the claims stated in the Complaint, as no class action is possible on these claims.

10. <u>Related Cases:</u>  At present, the parties are unaware of a related case or proceeding that is now pending before another Court or administrative body.

11. <u>Relief:</u>

**GA Telesis's and Constant Aviation's Position**: GA Telesis and Constant Aviation seek all statutory, contractual, and consequential damages, statutory and civil penalties, prejudgment interest, punitive and exemplary damages to deter similar wrongdoings, attorneys' fees and costs, imposition of preliminary and permanent injunction, plus any and all other remedies available to them the Court may deem just and proper.  GA Telesis and Constant Aviation seek to retain a damages expert to determine the precise bases on which damages will be calculated once liability is established, but anticipate the damages to be calculated as follows:

   a. Damages arising from Breach of Contract

At present, GA Telesis and Constant Aviation calculate these damages as follows: the annual subscription amount from the date of initiation to present, plus interest, which information is in Defendant's possession, custody and control; the value of the loss of competitive advantage as a result of the unlawful publication of GA Telesis's and Constant Aviation's confidential and proprietary trade secret and other information, plus interest, the value of which will be determined and provided during expert discovery; Defendant's revenue and the profits Defendant generated from the service agreements entered into by the third-parties to which the unlawful disclosures were made, plus interest, which information is in Defendant's possession, custody and control; the value of Defendant's unjust enrichment to the extent not already provided for, plus interest; the value of the loss of the reasonable royalties for Defendant's unauthorized disclosures GA Telesis's and Constant Aviation's intellectual property, the value of which will be determined and provided during expert discovery.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

b.  Damages arising from Misappropriation of Trade Secrets

At present, GA Telesis calculates these damages as follows: a reasonable royalty for Defendant's unauthorized uses of its trade secret information, the value of which will be determined and provided during expert discovery; Defendant's profits that are attributable to the "use cases" described in the operative Complaint, which information is in the possession, custody and control of Defendant; actual losses to GA Telesis's goodwill, loss of clients and the loss of competitive advantage, the value of which will be determined and provided during expert discovery; the value of Defendant's unjust enrichment arising from its unlawful conduct that is not otherwise accounted for, the value of which is in the possession, custody and control of Defendant, reasonable attorneys' fees, and costs of the action under the applicable controlling statutes, together with prejudgment and post-judgment interest.

c.  Damages arising from Lanham Act §43(a)

At present, Constant Aviation calculates these damages as follows: a reasonable royalty for Defendant's unauthorized uses of its registered marks, the value of which will be determined and provided during expert discovery; Defendant's profits that are attributable to the "use cases" described in the operative Complaint, which information is in the possession, custody and control of Defendant; actual damages to Constant Aviation's goodwill, loss of clients and the loss of competitive advantage, the value of which will be determined and provided during expert discovery; enhanced damages equating to treble damages arising from Defendant's profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

d.  Punitive and Exemplary Damages

There is no fixed measure for these types of damages, but GA Telesis and Constant Aviation seek to recover no less than two times the total recoverable damages on the basis that Defendant conducted itself with malice, oppression and/or fraud, by and through its employees and managing agents, willfully and with knowing disregard of the probable consequences of Defendant's conduct as to the harm it would cause GA Telesis and Constant Aviation. Punitive and exemplary damages are

essential in this instance to discourage the wrongful conduct Defendant undertook in this instance from being undertaken in the future and for which the consequential, special and general damages are insufficient.

**Salesforce's Position**: Salesforce seeks denial of Plaintiffs' requested relief and an award of attorneys' fees and costs under the California Uniform Trade Secrets Act, the Defendant Trade Secrets Act, and the Lanham Act.

12. Settlement and ADR:  In advance of litigation, the parties engaged in multiple discussions and shared information in an effort to resolve the matter.

**GA Telesis's and Constant Aviation's Position**: GA Telesis and Constant Aviation remain open to continuing discussions and would be amenable to Mediation and/or Settlement Conference with a Magistrate Judge other than Magistrate Judge Tse, since Magistrate Judge Tse would preside at trial.

**Salesforce's Position**: Salesforce is open to discussions about settlement and different forms of ADR, including mediation.  Salesforce believes that mediation will be more effective after the parties have completed initial rounds of document production and written discovery, and the Court has decided any discovery disputes.

13. Consent to Magistrate Judge For All Purposes:  The parties have each consented to have Magistrate Judge Tse conduct all further proceedings, including trial and entry of judgment, with the exception of Alternative Dispute Resolution proceedings.

14. Other References:  The parties do not believe the matter is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:  At present, the parties have not identified any issues to affect the status or management of this case, but will continue to confer on whether any issues can be narrowed by agreement or by motion, and how presentation of evidence may be expedited at trial.

16. Expedited Trial Procedure:  The parties do not believe this case should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. Scheduling:

| Matter | Plaintiffs' Request | Salesforce's Request |
|---|---|---|
| Last Day to Amend Pleadings | 90 days following the case becoming at issue. | December 1, 2021 |
| Fact discovery cutoff | June 24, 2022 [18 weeks before FPTC] | March 25, 2022 |
| Last day to serve initial expert reports | July 8, 2022 [16 weeks before FPTC] | April 25, 2022 |
| Last day to serve rebuttal expert reports | August 5, 2022 [12 weeks before FPTC] | May 27, 2022 |
| Expert discovery cutoff | September 2, 2022 [8 weeks before FPTC] | June 17, 2022 |
| Last day to file Dispositive motions | July 8, 2022 [16 weeks before FPTC] | July 15, 2022 |
| Last day to Hear Dispositive Motions | September 3, 2022 [4 weeks before FPTC] | September 9, 2022 |
| Final Pre-trial conference | October 2022 | Fall 2022 at the Court's Convenience |
| Trial | December 2022 [To be set within 90 days following FPTC] | At the Court's Convenience. Counsel for Salesforce has another trial set for December 5, 2022 with a 7-10 day estimate |

18. <u>Trial:</u>  GA Telesis and Constant Aviation seek to have the case tried to a jury and anticipate trial will last 4-6 days. GA Telesis and Constant Aviation anticipate the case will ready for trial within 12-14 months of the case obtaining "at issue" status.

Salesforce expects that trial in this case will take 3-5 days, inclusive of jury selection.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

GA Telesis and Constant Aviation affirm they have each filed the "Certification of Interested Entities or Persons" pleading as required by Civil Local Rule 3-15, filed on April 15, 2021, ECF No. 10. In an effort to preserve space toward the 10-page limit, Plaintiffs incorporate by reference the disclosures contained therein, which disclosures remain current as of the date of this filing.

Salesforce filed a "Certification of Interested Entities or Persons" on June 1, 2021, ECF No.20. Pursuant to Fed. R. Civ. P. 7.1 and Civil L.R. 3-15, Salesforce confirms it has no parent corporation and that no publicly held corporation owns 10% or more of its stock. As of this date, other than the named parties, there is no interest to report.

20. <u>Professional Conduct:</u>  Counsel for the parties affirm that they have each reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other Matters:</u>

The Parties agree that documents not filed via the CM/ECF system shall be served by electronic mail and that, if sent by 7:00 p.m. Pacific time on a business day, documents shall be deemed served as of that business day as though they had been personally served. The parties further agree that electronic mail shall be the sole required method for such service.  Additional service by hard copy is optional, and does not affect calculation of due dates.  Separately, and for purposes of production of documents and things, the parties further agree that production through secure file transfer or FTP via electronic mail shall be the preferred method for such production, except in instances of voluminous productions that cannot practically be sent in this manner. Each Party specifies the following list of individuals who shall receive electronic service of documents and productions in this matter:

**Plaintiffs:** David Van Pelt: david.vanpelt@akerman.com; Kanika Corley: kanika.corley@akerman.com; Alicia Hou: alicia.hou@akerman.com; Jonathan Turner: jonathan.turner@akerman.com, and Annie Tualla: annie.tualla@akerman.com. **Salesforce:** Colleen Bal: cbal@wsgr.com; Charles Tait Graves: tgraves@wsgr.com; Joshua Baskin: jbaskin@wsgr.com; Toni Wormald: twormald@wsgr.com;  Pamela Sandillo: psandillo@wsgr.com; Regina Glynn: rglynn@wsgr.com.

In addition, the Parties agree that they may serve documents filed with the Court under seal by electronic mail and that the documents shall be deemed served as of the time and date of the accompanying ECF documents filed with the Court provided that they are sent promptly after the filing.  The parties are not presently aware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

| | |
|---|---|
| DATED: October 15, 2021 | **AKERMAN LLP** |

By:  /s/ *Alicia Y. Hou*
     Kanika D. Corley
     Alicia Y. Hou
     Attorneys for Plaintiffs
     GA TELESIS, LLC and
     CONSTANT AVIATION, LLC

| | |
|---|---|
| DATED: October 15, 2021 | **WILSON SONSINI GOODRICH & ROSATI** |

By:  /s/ *Joshua A. Baskin*
     Colleen Bal
     Charles Tait Graves
     Joshua A. Baskin
     Attorneys for Defendant
     SALESFORCE.COM, INC.

Signatories hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.