UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GA TELESIS, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SALESFORCE.COM, INC.,<br><br>    Defendant. | Case No. 21-cv-02701-AGT<br><br>**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

    Salesforce's motion to dismiss GA Telesis's amended trade secret claims is denied. The amended complaint sufficiently pleads the required elements of a claim for misappropriation of trade secrets under both the federal Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"). To state a claim under the DTSA, a plaintiff must allege (1) the existence and ownership of a trade secret, (2) that the defendant misappropriated the trade secret, and (3) that the misappropriation caused or threatened damage to the plaintiff. *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). The elements of a CUTSA claim are "substantially similar." *Id.* at 657 (analyzing the DTSA and CUTSA claims together). Salesforce does not dispute, for purposes of this motion, that GA Telesis has adequately alleged elements one and three—ownership of a protectable trade secret (the "synopsis" of the GATES Production System,[1] which GA Telesis provided to Salesforce pursuant to a non-disclosure agreement) and harm. Instead, challenging element two, Salesforce argues that GA

---

[1] GA Telesis also identifies its GATES Production System as a trade secret in the amended complaint, but its allegations of trade secret misappropriation primarily concern the synopsis. As alleged, GA Telesis's GATES Production System and the synopsis thereof "comprise a method, technique and process used to provide specialized services to aircraft lessors, air carriers and cargo operators that differ from MRO [maintenance, repair, and overhaul] services offered by [GA Telesis's] competitors" in the commercial aviation industry. Dkt. 41, FAC ¶ 26.

Telesis has failed to plead "misappropriation" as statutorily defined. The Court disagrees.

"Misappropriation" under the DTSA and CUTSA includes "disclosure or use of a trade secret of another without express or implied consent by a person who . . . at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was . . . acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret." 18 U.S.C. § 1839(5); Cal. Civ. Code § 3426.1(b). While "mere possession of a trade secret or mere internal discussion within the company of a trade secret" is not enough to constitute use, "'[e]mploying the confidential information in manufacturing, production, research or development, marketing goods that embody the trade secret, or soliciting customers through the use of trade secret information, all constitute use.'" *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1072 (N.D. Cal. 2005) (quoting *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1383 (2000)).

GA Telesis has plausibly alleged misappropriation by Salesforce through its improper disclosure and use of the trade secret synopsis. According to the amended complaint, GA Telesis gave Salesforce a copy of the secret synopsis, which was marked "GA Telesis proprietary document – cannot be reproduced or transmitted without written authorization," after Salesforce executed a non-disclosure agreement requiring that Salesforce "maintain the information it received in secret, not to be disclosed." FAC ¶¶ 33–35, 72. Salesforce then took confidential information directly from the synopsis, with full knowledge of its trade secret status, and transmitted it via email to GA Telesis's direct competitor, Barfield, on October 30, 2019. *See id.* ¶¶ 51–52. Salesforce's email to Barfield comprised two pages and included, among other things, "descriptive information that is within the synopsis of the GATES Production System," an "example and outline of a 'GATE' process," links to a "relevant MRO video" and a GA Telesis "use case" created by Salesforce, and an "express acknowledgement that [Salesforce] had no right to make such disclosure[s]." *Id*. As further alleged, Salesforce also unlawfully utilized and disclosed GA Telesis's trade secret information in the referenced "use case" that it created and transmitted to Barfield. *See id.* ¶¶ 57, 73. This alleged disclosure and use was without GA Telesis's consent and in an effort by Salesforce to solicit and procure business from Barfield, for

Salesforce's sole benefit and to GA Telesis's detriment. *Id.* ¶¶ 73, 76. These allegations, taken as true and viewed in the light most favorable to GA Telesis, are sufficient for GA Telesis's trade secret misappropriation claims to survive a motion to dismiss.

Salesforce's argument that dismissal is warranted because GA Telesis does not allege that Salesforce "misused or wrongfully disclosed *the entire, whole* 'trade secret'" synopsis, but rather only portions of it, is not persuasive. Dkt. 52 at 10 (emphasis added). According to Salesforce, the "most on-point authority in the country" for this proposition is *Lydall, Inc. v. Ruschmeyer*, 282 Conn. 209 (2007), followed by another out-of-circuit decision, *American Airlines, Inc. v. KLM Royal Dutch Airlines, Inc.*, 114 F.3d 108 (8th Cir. 1997). But neither of those cases analyzed the misappropriation element at the critical pleading stage; *Lydall* involved an appeal from judgment following a full trial on the merits, and *American Airlines* dealt with an appeal from a grant of summary judgment. Salesforce has cited—and the Court has found—no procedurally on point authority supporting dismissal under the circumstances alleged here.[2] Salesforce's novel application of the law is not warranted here and now. The inquiry at this early stage is whether GA Telesis has included allegations of misappropriation sufficient to state a claim for relief assuming the allegations in the amended complaint are true. The Court finds that it has.

\* \* \*

The motion to dismiss is denied. Salesforce must answer the amended complaint within 14 days of this order.

**IT IS SO ORDERED.**

Dated: November 8, 2021

ALEX G. TSE
United States Magistrate Judge

---

[2] Salesforce's counsel conceded at the hearing that, to his knowledge, no other court in the country has addressed the argument Salesforce raises at the motion to dismiss stage.